CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

February 23, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **BRANDY HOOD-COOK,** ) | |
| Petitioner, ) | Civil Action No. 7:24cv00916 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| **CHADWICK DOTSON, Director, VDOC,** ) | By: Robert S. Ballou |
| Respondent. ) | United States District Judge |

Brandy Hood-Cook, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the one-year sentence imposed by the Tazewell Circuit Court for a probation violation and the failure of the Virginia Department of Corrections to timely advise her of her release date. Pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, screening review of the case shows that Hood-Cook is not entitled to relief. Her petition fails because she has not properly exhausted her claims, and because she is not entitled to relief on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available . . .").

A habeas petitioner is required to exhaust her claims in state court before pursuing them in federal court. To exhaust a habeas claim regarding the conviction or sentence imposed in state court, she must present her federal constitutional claim to the highest state court, on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The petitioner must present to the state's highest court the same operative facts and same controlling legal principles that she seeks to present to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). Here, Hood-Cook alleges that the Tazewell County Circuit Court failed to properly consider the health issues that prevented her from completing the Hope Center program before imposing its sentence. That

issue could have been raised in state court through the direct appeal process or through state habeas proceedings. *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Hood-Cook acknowledges that she did not file a direct appeal from both probation violation sentence and the denial of motion to reconsider the sentence. Am. Pet at 2, Dkt. No. 15. Nor has she filed any other petitions outside the direct appeal process. *Id.* at 3.

It is too late for petitioner to appeal the sentence she received or the denial of her motion for reconsideration. *See* Va. Sup. Ct. Rule 5A:6 (providing that notice of appeal must be filed within 30 days from the entry of final judgment). Further, it is too late for her to file a state habeas petition to challenge the sentence, because the statute of limitations for state habeas petitions is one year from the date the Circuit Court entered the order on the probation violation cases. *Booker v. Dep't of Corrs.,* 727 S.E.2d 650, 651 (Va. 2012). Even if time remained for Hood-Cook to file a state habeas petition, her claim is procedurally defaulted because challenges to sentences imposed are properly raised on direct appeal, because a petition for habeas corpus "may not be employed as a substitute for an appeal. . . ." *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974).

A federal habeas court may not consider procedurally defaulted/unexhausted claims unless the petitioner can show both good cause for the default and actual prejudice from the violation of a constitutional right. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Hood-Cook has not offered good cause for not filing a direct appeal. Likewise, the petition filed does not show any constitutional violation. Notwithstanding her failure to exhaust, I will address this claim on the merits.

Habeas relief is available only to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner has not identified any

constitutional provision or federal law that was violated during her revocation hearing. As a matter of state law, the trial court's findings and judgment in a probation revocation hearing stand absent "a clear showing of abuse of discretion." *Green v. Commonwealth*, 873 S.E.2d 96, 100 (Va. Ct. App. 2022). Imposing a one-year sentence does not appear to be an abuse of discretion on its face, and petitioner has not explained how the sentence was an abuse of discretion. She cannot say that the court did not consider her argument, because she raised it at least once when she filed her motion for reconsideration; the court simply did not give the argument the weight she hoped. That is not a constitutional violation, and she is not entitled to habeas relief for it.

Hood-Cook's other claim is that the Virginia Department of Corrections ignored her repeated requests for a legal update sheet showing her release date. She does not state whether she followed any internal grievance procedure to exhaust administrative remedies for this claim, but I will dismiss it regardless of its exhaustion status. Hood-Cook alleges in her Amended Petition that she got the release date information four days before her release date on the probation violation charge.[1] Precalculated release dates are estimates only, subject to change. *See Garrett v. Angelone*, 940 F. Supp. 933, 943 (W.D. Va. 1996) (taking judicial notice of fact that release dates are estimates only). Petitioner has not alleged any authority to show that she had a federal right to get the legal update sheet at a particular time, nor has this court found any authority to support such a claim.

For the reasons stated, I will dismiss the petition as being without merit. I decline to issue a certificate of appealability, because petitioner has not made a substantial showing of the

---

[1] Upon information and belief, petitioner is presently serving another sentence that followed the time served for probation violation. The Virginia Department of Corrections inmate locator indicates a current release date of July 14, 2027.

denial of a constitutional right and reasonable jurists would not find the court's procedural rulings to be debatable or wrong.

     A separate Final Order will be entered this date.

     Enter: February 22, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge